**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2803
_____

SGT. NASHYRAH DAY,
                                    Appellant

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS; LT. MICHELLE BRENNER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:21-cv-09986)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 12, 2025

Before: CHAGARES, *Chief Judge*, PORTER, and ROTH, *Circuit Judges.*

(Filed: November 17, 2025)

_____

OPINION[*]
_____

**PORTER**, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Nashyrah Day appeals the District Court's order granting summary judgment on her retaliation and hostile work environment claims against the New Jersey Department of Corrections ("NJDOC"). We will affirm.

I

A

Nashyrah Day, a black woman, is a sergeant in the NJDOC working at South Woods State Prison. The Prison allowed employees to trade shifts. In February 2020, Day's supervisor, Lieutenant Brenner, emailed Day and informed her that she would no longer be permitted to trade shifts because she was impermissibly scheduling overlapping shifts. Day called Brenner about the email, during which Brenner says Day was "loud and aggressive" and "questioned Lt. Brenner's authority and her decisions." Appendix ("App.") 190, 200–01.

Two weeks later, Day filed a complaint with the Equal Employment Division ("EED"), alleging race and gender discrimination and retaliation. Brenner also filed a disciplinary report noting that, on multiple occasions, Brenner explained to Day that she could not switch shifts, but that Day questioned Brenner's authority and "has been rude, disrespectful, and unprofessional." App. 201. The Prison administration investigated Brenner's allegations of insubordination, interviewed Day, and issued Day a written reprimand.

In June 2022, Day left a mandatory training session early and failed to later complete the training. Day contends that she left to use the restroom but was harassed by Brenner and others, causing her to become sick and leave work. Brenner reported the

incident on July 6, 2022, and Day filed another EED complaint later that day. Following a hearing before a neutral investigating officer, NJDOC suspended Day for twenty days for failing to complete the training.

B

Day filed suit in the District of New Jersey, alleging race discrimination, gender discrimination, hostile work environment, and retaliation under Title VII, the New Jersey Law Against Discrimination ("NJLAD"), and 42 U.S.C. §§ 1981 and 1983. At the close of discovery, NJDOC moved for summary judgment and, after oral argument, the District Court granted the motion as to Day's discrimination claims. The District Court subsequently granted summary judgment for NJDOC as to Day's retaliation claims. Day only appeals the latter order relating to the retaliation claims.

Except for the twenty-day suspension, the District Court held that none of the adverse actions Day claims NJDOC took against her were "materially adverse" enough to make out retaliation claims. The District Court also held that Day failed to demonstrate a causal nexus between her protected activities and the alleged adverse actions, including the twenty-day suspension. Finally, the District Court concluded that even if Day could establish a causal connection, she still failed to present sufficient evidence for a jury to find that NJDOC's given reasons for the actions were pretextual.

3

II[1]

"We review [a] grant of summary judgment de novo and draw all reasonable inferences in favor of the nonmoving party." *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304 (3d Cir. 2020) (internal citation and quotation marks omitted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the non-moving party. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). And a factual dispute is "material" if it might affect the outcome under governing law. *Doe v. Luzerne County*, 660 F.3d 169, 175 (3d Cir. 2011). A court's task is not to resolve disputes, but to determine whether there exist factual disputes to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

III

A

Day alleges retaliation under Title VII, the NJLAD, and 42 U.S.C. §§ 1981 and 1983. We analyze these claims under the burden-shifting framework the Supreme Court articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Abramson v. William Paterson Coll.*, 260 F.3d 265, 286 (3d Cir. 2001) (Title VII and NJLAD); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 415 (3d Cir. 1999) (Title VII and § 1981); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (§ 1983). Under *McDonnell Douglas*, a plaintiff

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

must first establish a prima facie case of retaliation. *See Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006). If the plaintiff succeeds, the burden shifts to the defendant to provide "'a legitimate, non-retaliatory reason' for its conduct." *Id.* at 342 (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500–01 (3d Cir. 1997)). This burden is "relatively light." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). If the defendant carries its burden, the plaintiff must prove by a preponderance of the evidence that the defendant's purportedly legitimate reasons were pretextual. *Jones*, 198 F.3d at 410.

Satisfying *McDonnell Douglas*'s first step—establishing a prima facie case of retaliation—requires a plaintiff to show that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the [retaliatory] adverse employment action." *Moore*, 461 F.3d at 340–41 (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

## B

It is undisputed that Day engaged in several instances of protected activity, including by filing multiple EED complaints, an EEOC charge, and this action. But the parties dispute whether NJDOC took adverse employment actions against Day and whether those actions were caused by her protected activity. Regardless of whether NJDOC took adverse actions against Day, those actions did not result from her protected activity.

## 1

In the retaliation context, an adverse action is "materially adverse[,]" only if it is

5

"harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Materiality is judged "from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* at 71 (quotations omitted).

Day points to the following allegedly adverse actions: (1) the April 1, 2020 written reprimand for her behavior towards Brenner on February 3, 2020; (2) Brenner's July 6, 2022 report of the June 21, 2022 training incident; (3) the August 4, 2022 preliminary notice of the twenty-day suspension; and (4) the final issuance of that suspension without pay.[2] The District Court incorrectly applied the adverse-action standard that applies to discrimination claims, which is more stringent than for retaliation claims. *See Burlington*, 548 U.S. at 67. As discussed below, because the District Court correctly granted summary judgment on the causation element, we need not decide whether, viewing the facts in the light most favorable to Day, a reasonable juror could conclude that any of the above actions could dissuade a reasonable worker from making or supporting a charge of

---

[2] Day cites three other allegedly adverse actions that are not properly before us. She points to (1) a March 13, 2020 directive that she file reports describing her account of two incidents in which her subordinates accused her of impropriety, (2) a "letter of counseling" dated June 29, 2021 in which she was reminded to behave professionally, and (3) a five-day suspension issued on September 21, 2021.

As the District Court correctly pointed out, these allegedly adverse actions were not alleged in the Second Amended Complaint, appearing for the first time in Day's opposition to the motion for summary judgment. Thus, Day forfeited any retaliation claims based on this conduct. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 499 n.1 (3d Cir. 1997) ("[A] complaint must provide a defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *In re Bestwall LLC*, 47 F.4th 233, 242 (3d Cir. 2022) ("As a court of review, we generally decline to consider arguments that were not first presented to the court whose ruling is before us.") (citation omitted); *see also Miranda-Rivera v. Toledo-Dávila*, 813 F.3d 64, 76 (1st Cir. 2016).

discrimination.

2

"A plaintiff may rely on a broad array of evidence to demonstrate a causal link between the protected activity and the adverse employment action taken," including by "proffering evidence of an employer's inconsistent explanation for taking an adverse employment action, a pattern of antagonism, or temporal proximity unusually suggestive of retaliatory motive." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) (citation modified). A reasonable jury could not draw an inference of retaliatory motive, however, where a plaintiff fails to adduce any evidence that the "individuals responsible for the adverse action knew of the plaintiff's protected conduct at the time they acted." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 196 (3d Cir. 2015).

Day's claims fail at the causation element. Her first and third alleged adverse actions—the written reprimand and the preliminary suspension notice—fail because the record contains no facts suggesting the relevant decisionmakers knew about Day's prior protected activity.[3] Similarly, the fourth adverse action—the final notice of suspension— came after a neutral hearing, presided over by NJDOC attorney Lisa Godfrey, but there is no evidence that Godfrey knew about Day's prior protected activity. True, the hearing summary suggests that Godfrey was aware of Day's "[s]pecial [r]eport" in which Day claimed to have been "being singled out, harassed, and retaliated against by Lt. Brenner."

---

[3] The record is also unclear as to who those decisionmakers were. Prison Administrator John Powell, at the least, signed off on the written reprimand. An associate administrator signed off on the preliminary suspension notice, but the signature is unintelligible.

7

App. 258, 698. But that special report contained only personal grievances against Brenner; because it is silent as to race discrimination, it is not protected activity. *See Qin v. Vertex, Inc.*, 100 F.4th 458, 476 (3d Cir. 2024) ("[O]nly complaints about discrimination prohibited by Title VII—discrimination based on race, color, religion, sex, or national origin—constitute protected activity.").

Finally, Day claims Brenner filed her July 6, 2022 report of the training incident "[a]fter learning that Day had filed" her EED complaint that same day. Appellant's Br. 16. But that gets it backwards. In her July 6, 2022 EED complaint, Day listed Brenner's July 6 report as the alleged discriminatory conduct. App. 708. Thus, Day filed her EED complaint *after* learning about Brenner's report, so that report cannot be the basis for a retaliation claim.

IV

Day also seems to appeal the District Court's order granting summary judgment on her retaliatory hostile work environment claim. To make out a claim for a retaliatory hostile work environment, Day had to establish that "(1) she suffered intentional discrimination because of her protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present." *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006). Aside from a few passing references to this claim during the discussion of her retaliation claims, Day failed to argue in her brief how any of the above elements are satisfied. Thus, she has forfeited her retaliatory hostile work environment claim. *Kost v. Kozakiewicz*, 1 F.3d

8

176, 182 (3d Cir. 1993) ("It is [] well settled, however, that casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal.").

\* \* \*

We will affirm the District Court's judgment.